Good morning. I was going to say good afternoon. I have ten seconds after. Good afternoon, your honors. My name is William O'Connell from Goldberg Segala. I represent the defendant appellee Kelly Bunt in this action. Very simply, this was a 12B6 motion to dismiss a third amended complaint. The plaintiff is a former attorney and had ample opportunity with help from the district judge to frame his complaint and ultimately the third amended complaint was dismissed. On appeal, and this is not well put in our brief but I just want to raise it because I feel it's dispositive, we were dismissed on the ground that we were not a state actor and the district judge went through the arguments quite well and very thoroughly. The plaintiff doesn't allege on appeal and argue that we were a state actor so they've abandoned that point and state actor is absolutely necessary against my client who is a private entity. Really, that's my argument and unless the court would like to hear any other background, then that's fine. Thank you, your honors. Good afternoon. David Posner for the appellees Walraven and Meester, the probation officers from Dutchess County. The appeal as it relates to them as we interpret this appeal is from what the plaintiff incorrectly calls the district court's denial of his request for leave to file a fourth amended complaint. In fact, of course, the district court did not deny leave and in the footnote six where the court discusses that, the court simply instructed the plaintiff on the foundational requirements of making a successful motion for leave to appeal. Certainly in the context where you've already made three prior motions, there's no right or as of right at this point, you have to get leave of the district court. While the plaintiff complains it was a quote substantial requirements, improper substantial requirements, what we suggest is in fact the district court was throwing the plaintiff a lifeline by explaining to him what he would have to show. Was there prejudice to the defendants? Why did you wait so long? Make sure you discuss the merits of your fourth amended complaint. I as a district court judge, I'm not just going to let you file a fourth amended complaint at this stage of the game. No matter that he was pro se? Not at all, your honor. Especially, well, it doesn't matter for several reasons. One, I think primarily, and again, the district court discussed this at length, which the plaintiff completely ignores in his appellate papers, is that he was trained as an attorney, was an attorney. The record isn't exactly clear that he's no longer an attorney, but he is an attorney. He proudly in his papers says he pro se went successfully to the New York case, so the general solicitude that this court grants to pro se parties does not apply to pro se attorneys. Second, this is the fourth attempt to amend the complaint. Pro se attorneys certainly get solicitude at the beginning, but when we now had three, I believe, motion conferences with the court and she very carefully explained to him what the deficiencies, as she perceived them to be, and how he could correct and remedy it. He had our, meaning the defendant's, statements to the court why we didn't feel the existing, the first or the second or the third amended complaint stated claims. So at this point, that solicitude to a pro se attorney isn't appropriate, but she gave him solicitude, if you will, because she had absolutely no obligation and it would be, I think, improper for her to have accepted this affidavit he filed in opposition to our motions to dismiss as creating a fourth amended complaint. She said you can't do it that way. Here's how you have to do it. You have two weeks to do the following. Make a motion, follow rule 15, what's the harm in that, and you should address the following four issues. Why did you wait so long? What are your new facts? Have you prejudiced the defendants? And address the merits of your fourth amended complaint, i.e., it's not futile. You're long past the point where you can amend as of right. You have to now justify your complaint. And so she was literally giving him a road map on the points he should address in his motion to amend, and she gave him time to do it. He opted not to do that. Rather to appeal the denial of the, or the grant of the motion, but then he doesn't, the motion to dismiss, but then in his briefs to your honors, he does not address the merits at all of the dismissal of the probation officers, Meester and Walraven, and just says I should have been given an opportunity to file a fourth amended complaint. But he was given the opportunity. He eschewed that opportunity. The court gave him two or three weeks to do so. And here we are. I just don't see how she abused her discretion, because that's the standard we're on here, that the district court abused her discretion by explaining to a litigant exactly what the litigant has to do in order to make a successful motion. And as I say, she didn't throw him a curveball or a knuckleball. She threw him a lifeline. This is what you have to do. And that's pretty much what we have to say. Thank you. Thank you both. We'll reserve decision. Our last case on calendar is Sun Kwa Yee v. Sessions. That's taken on submission. Please adjourn the court.